IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROBERT PILKINGTON**                                                                                   **PLAINTIFF**

v.                                    Case No. 4:22-cv-00825-KGB

**NATIONAL OILWELL VARCO L.P.,
NOV, INC., and FIBER GLASS SYSTEMS, L.P.
d/b/a NOV FIBERGLASS SYSTEMS**                                              **DEFENDANTS**

## ORDER

Before the Court are defendants Fiber Glass Systems, L.P., National Oilwell Varco, L.P., and NOV, Inc.'s (collectively, "Defendants") motion to continue trial and stay pretrial deadlines pending resolution of defendant's motion to dismiss and compel arbitration (Dkt. No. 28) and plaintiff Robert Pilkington's motion to remove pleading, accept, substitute, and file plaintiff's response to defendant's motion to continue trial and to stay pretrial deadlines pending resolution of defendant's motion to dismiss and compel arbitration and memorandum of law (Dkt. No. 33). The Court will first address Mr. Pilkington's motion, followed by Defendants' motion.

I.     Mr. Pilkington's Motion To Substitute Response

On May 22, 2024, Defendants filed their motion to continue trial and stay pretrial deadlines (Dkt. No. 28). In the motion, Defendants asserted that Mr. Pilkington agreed to extend pretrial deadlines but did not agree to a continuance of the trial date (*Id.*, at 7). On May 23, 2024, Mr. Pilkington filed a notice of opposition to Defendants' motion to continue trial and to stay pretrial deadlines (Dkt. No. 30). This document merely clarified that Mr. Pilkington did not agree to an extension of pretrial deadlines and indicated Mr. Pilkington's intent to file a more complete response to the motion (*Id.*, ¶¶ 2–4).

On May 30, 2024, Mr. Pilkington filed a response to Defendants' motion to continue trial and to stay pretrial deadlines (Dkt. No. 32).  On June 3, 2024, Mr. Pilkington filed his motion to remove pleading, accept, substitute, and file plaintiff's response to Defendants' motion to continue trial and to stay pretrial deadlines pending resolution of defendant's motion to dismiss and compel arbitration and memorandum of law (Dkt. No. 33).  In that motion, Mr. Pilkington states that docket number 32, his response to Defendants' motion to continue and stay pretrial deadlines, was filed in error and by mistake (Dkt. No. 33, ¶ 1).  Mr. Pilkington asserts that he had until June 5, 2024, to file his response to Defendants' motion to continue and stay pretrial deadlines (*Id*., ¶ 2).  Mr. Pilkington further asserts that he completed his response by May 30, 2024, but filed on that date a previous uncorrected draft instead of the final draft (*Id*., ¶ 3).  Mr. Pilkington states that he discovered the error on June 3, 2024 (*Id*., ¶ 3).  Mr. Pilkington requests that the Court remove the errant filing and substitute the response attached to his motion as docket number 32, as that is the document that was supposed to have been filed on May 30, 2024 (*Id*., ¶ 4).  Defendants have not filed a response to this motion, and the time to do so has passed.

For good cause shown, the Court grants Mr. Pilkington's motion (Dkt. No. 33).  The Court directs the Clerk of Court to replace the document listed as docket number 32 with the correct version of Mr. Pilkington's response to Defendants' motion to continue trial and to stay pretrial deadlines pending resolution of defendant's motion to dismiss and compel arbitration and memorandum of law, marked as filed on June 3, 2024 (Dkt. No. 33-1).  The Court considers Mr. Pilkington's response as timely filed.

II.     **Defendants' Motion To Continue Trial And Stay Pretrial Deadlines**

Next, the Court considers Defendants' motion to continue trial and stay pretrial deadlines (Dkt. No. 28).  Defendants assert that, pursuant to the Final Scheduling Order in this case, the

discovery deadline was June 7, 2024, dispositive and *Daubert* motions were due by July 1, 2024, motions *in limine* are due by September 16, 2024, and the matter is set for jury trial during the week of September 30, 2024 (*Id.*, at 1–2). Defendants further assert that Fiber Glass Systems' motion to dismiss and compel arbitration is currently pending before the Court and is not yet fully briefed (*Id.*, at 2). Further, Defendants request that the Court order a scheduling conference for the parties to select a new trial date and set new pretrial deadlines in the event that Fiberglass Systems' motion to dismiss and compel arbitration is denied (*Id.*, at 1).

Defendants state that the parties have engaged in limited discovery, offering the following explanation:

> Defendants served written discovery to Plaintiff on September 1, 2023. Due to scheduling conflicts between the parties, Plaintiff's deposition could not be scheduled until February 27, 2024. Thereafter, Plaintiff served written interrogatories and requests for production on March 29, 2024. On April 10, 2024, Plaintiff requested to depose four witnesses, two of whom are no longer employed by Defendants. Due to additional scheduling conflicts, the four witness['] depositions cannot reasonably be completed before the June 7, 2024[,] discovery deadline. For example, Plaintiff has requested the deposition of Doris Gurule, a former employee on whom Plaintiff rests much of his claims. In addition to being in poor health, Ms. Gurule is scheduled to undergo surgery in June 2024, with a 6-8 week recovery period and is therefore unavailable to be deposed prior to the June 7, 2024[,] discovery deadline.

(*Id.*, at 2).

Defendants request that the Court continue the current trial date and stay all discovery in this matter pending the resolution of the motion to compel arbitration based on those facts and the following legal arguments: (1) that Supreme Court precedent requires a stay; (2) that good cause exists for the issuance of a continuance and stay; and (3) that the Federal Arbitration Act precludes additional discovery (*Id.*, at 3–7). Finally, Defendants argue that Mr. Pilkington does not oppose extending pretrial deadlines but does not consent to a trial continuance (*Id.*, at 7).

3

As previously stated, on May 23, 2024, Mr. Pilkington filed a notice of opposition to Defendants' motion to continue trial and to stay pretrial deadlines pending resolution of defendant's motion to dismiss and compel arbitration (Dkt. No. 30). This document clarified that Mr. Pilkington did not agree to an extension of pretrial deadlines (*Id*., ¶¶ 3–4). Per this Order, the Court will also consider Mr. Pilkington's response to Defendants' motion to continue trial and to stay pretrial deadlines pending resolution of defendant's motion to dismiss and compel arbitration and memorandum of law (Dkt. No. 33-1).

Mr. Pilkington asserts the following:

> Prior to filing its Motion to Dismiss and Compel Arbitration, Defendants conducted extensive written discovery and deposed the Plaintiff for approximately seven hours. Plaintiff served written discovery on March 29, 2024. Defendants have yet to respond to that discovery. Defendants have been given three extensions to respond. The most recent extension gave the Defendants an additional week, until May 28, 2024, to respond. After Defendants were given the extension until May 28, it moved to stay discovery. Beginning April 10, 2024, Plaintiff began to informally request dates for depositions. Defendants stonewalled and Plaintiff finally served Notices of Deposition on May 16, 2024. The depositions are scheduled for May 30, and June 5 and 6. Defendants have informed Plaintiff that they will not appear at the depositions, however, Defendants have not sought a protective order. Instead, they have filed this motion.

(Dkt. No. 33-1, at 2 (footnote omitted)). In a footnote, Mr. Pilkington states that Defendants propounded 88 requests for production to which Mr. Pilkington produced 1,042 pages (*Id*., at 2 n.1). Mr. Pilkington asserts that the Defendants have engaged in substantial discovery but now seek to prevent him from doing the same, and therefore, Mr. Pilkington argues that a stay would be prejudicial to him (*Id*., at 2).

Additionally, Mr. Pilkington reiterates that he did not consent to an extension of pretrial deadlines as stated by Defendants (*Id*., at 3). Mr. Pilkington contests Defendants' legal arguments as well, stating that the cases relied upon by Defendants do not require a stay of pretrial deadlines because: (1) *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), is not applicable to the proceedings

4

before the Court, and (2) Defendants have not met their burden for a stay and such a stay would be prejudicial to Mr. Pilkington (*Id*., at 3–6).

### A.   Supreme Court Precedent Regarding Stays

Defendants argue that a stay of discovery is appropriate because:

> If the [m]otion to [c]ompel is granted and the case is referred to arbitration, any discovery would proceed in arbitration under the more streamlined discovery procedures in that forum. If, on the other hand, the [m]otion to [c]ompel is denied, Defendants will likely appeal that decision and the case will be subject to a mandatory stay pending the appeal.

(Dkt. No. 28, at 3 (citing *Bielski*, 599 U.S. at 740)). Defendants cite *Coinbase, Inc. v. Bielski*, in which the United States Supreme Court held that a district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing. 599 U.S., at 740. Defendants argue that:

> While Coinbase involved a stay during the pendency of an appeal, the Supreme Court's reasoning derives from the structure of the Federal Arbitration Act ("FAA") and applies equally to a scenario where, as here, a motion to compel arbitration is pending before the district court. Accordingly, discovery should not proceed while the Court is deciding the threshold question of whether this case belongs in arbitration.

(Dkt. No. 28, at 4).

First, Mr. Pilkington argues that *Coinbase, Inc. v. Bielski* does not apply because Coinbase had not waived its right to arbitration, and he asserts that Fiber Glass Systems has waived its right to arbitration in this case (Dkt. No. 33-1, at 3). Further, Mr. Pilkington argues that *Coinbase, Inc. v. Bielski* does not apply because the Court has not yet made a determination on the arbitrability of this matter (*Id*., at 3–4).

This Court has not yet determined whether Fiber Glass Systems has waived its right to arbitration. Under the Federal Arbitration Act ("FAA"), any denial of a motion to compel arbitration may be appealed. 9 U.S.C. § 16(a)(1)(C). The FAA appears to make no exception to this provision, even if the reason that a district court declines to compel arbitration is that a party

5

waived its right to arbitration, and Defendants indicate they will "likely appeal," if the Court denies the pending motion to compel arbitration (Dkt. No. 28, at 3).  As a result, the Court agrees with Defendants that any determination on the issue of arbitration will strain the current litigation deadlines.

While *Coinbase, Inc. v. Bielski* is not on point for this case, the Court acknowledges that given the status of discovery, that the discovery deadline has passed, and the practical effect of any ruling this Court makes on the pending motion to compel arbitration, the current scheduling Order is likely unworkable at this point in the litigation.

### B.     Good Cause

Under Federal Rule of Civil Procedure 16(b)(4), the Court's scheduling Order setting this matter for trial during the week of September 30, 2024, may be modified "only for good cause shown and with the judge's consent."  Therefore, continuance of the trial date requires good cause shown.

However, a different test applies to a request to stay proceedings and pretrial deadlines. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (same).  Further, "[a] district court has broad discretion to stay proceedings when doing so is appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006).  "A Court may properly stay an action where the following criteria are met:  (1) the stay does not prejudice the non-movant; (2) the movant would suffer hardship and inequity without a stay; and (3) the stay serves the interests of judicial economy and efficiency." *Adams v.*

6

*Tyson Foods, Inc.*, 2007 WL 1539325, at *1 (W.D. Ark. May 25, 2007) (citing *Rivers*, 980 F. Supp. at 1358).

Defendants argue that a stay of the proceedings will not prejudice Mr. Pilkington and, in fact, that Mr. Pilkington will benefit from additional time to conduct depositions (Dkt. No. 28, at 4).  Next, Defendants argue that while they do not believe Fiber Glass Systems' past actions have constituted a waiver of its right to arbitration, the Court may force it into a waiver if it requires Fiber Glass Systems to participate in discovery (*Id*., at 5).  Further, Defendants argue that "if the Court does not issue a stay while it determines whether to dismiss this lawsuit and compel arbitration, all parties will be forced to expend additional resources and incur unnecessary costs to litigate this action in federal court only to risk duplicating those efforts in arbitration" (*Id*.).  Lastly, Defendants argue that a continuance or stay will promote judicial economy, as a stay will allow the Court to determine whether arbitration is appropriate before ruling on other issues that may arise during the course of litigation (*Id*., at 6).

Mr. Pilkington argues that a stay of discovery would be prejudicial to him because Defendants "would have the advantage of going forward after having conducted discovery and deposing" Mr. Pilkington (Dkt. No. 33-1, at 6).  Additionally, Mr. Pilkington argues that a stay is not reasonable (*Id*.).

The Court agrees with Defendants' reasoning that a stay will not substantially prejudice Mr. Pilkington, as a stay of discovery does not preclude the possibility of future discovery, depending on this Court's ruling on the pending motion to compel arbitration.  Additionally, the Court finds that a stay is appropriate to determine Defendants' rights related to arbitration, the absence of a stay would be prejudicial to Defendants' rights to arbitration if such rights exist, and a stay is in the interest of judicial economy.

For the foregoing reasons, and for good cause shown, the Court grants Defendants' motion to continue trial and stay pretrial deadlines pending resolution of Defendants' motion to dismiss and compel arbitration (Dkt. No. 28).

### C. FAA Impact On Discovery

Defendants further argue that "further discovery unrelated to the enforceability of the arbitration agreement is prohibited under the FAA." (Dkt. No. 28, at 6). The Court need not reach these issues, as the Court has granted Defendants' motion on other grounds.

### III. Conclusion

For the foregoing reasons, and for good cause shown, the Court grants Mr. Pilkington's motion to remove pleading, accept substitute and file plaintiff's response to Defendants' motion to continue trial and to stay pretrial deadlines pending resolution of defendant's motion to dismiss and compel arbitration and memorandum of law (Dkt. No. 33) and Defendants' motion to continue trial and stay pretrial deadlines pending resolution of defendant's motion to dismiss and compel arbitration (Dkt. No. 28). The Court stays all unexpired pretrial deadlines and removes this matter from the September 30, 2024, trial calendar. The Court will issue a new scheduling Order, if appropriate, after ruling on Fiber Glass Systems' motion to dismiss and compel arbitration and consulting with the parties.

It is so ordered this 28th day of August, 2024.

_____
Kristine G. Baker
Chief United States District Judge